**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID SCHIED,

      Plaintiff                                        Case No. 10-10105
                                                                 Honorable Denise Page Hood

      v.

LAURA CLEARY, et al.,

      Defendants.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
**AND DISMISSING ACTION**

**I. Introduction**

Defendants filed the current Motion for Summary Judgment on September 10, 2010. (Dkt. No. 37) Defendants contend that the statute of limitations, res judicata, collateral estoppel, governmental/qualified immunity, and Fed. R. Civ. P. 11 bar Plaintiff's claims. Plaintiff, David Schied, failed to respond to the motion within 21 days. Defendants subsequently filed a supplemental brief in support of the motion, claiming that the motion should be granted because Plaintiff failed to respond. (Dkt. No. 43) Plaintiff eventually filed a response to the motion, along with a Motion to File Out of Time. (Dkt. No. 45)

**II. Facts and Procedural History**

On January 12, 2010, Defendants Laura Cleary, Cathy Secor, Sandra Harris, Diane Russell, Sherry Gerlofs and Lincoln Consolidated Schools Board of Education, and John Does 1-30 filed a Notice of Removal removing Plaintiff's complaint from Washtenaw County Circuit Court to this Court. The complaint, along with exhibits, total 330 pages.

The complaint lists several criminal charges and motions that have been explained in detail in this Court's previous Order Denying Motion to Reassign Case, Denying Request to Remand, Denying Motion for Sanctions, Denying Motion for Hearing, Granting Motion to Quash Plaintiff's Demand, Denying Motion to Quash Deposition, and Denying Motion to Compel Discovery (July 7, 2010 Order). (Dkt. No. 33) This cause of action stems from an earlier incident dated back to the fall of 2003, which led to multiple complaints and judgments against Plaintiff.

In the fall of 2003, Plaintiff was hired as a full-time teacher by Lincoln Consolidated Schools. (Comp., ¶ 2) Plaintiff alleges that he was offered a one-year teaching contract after Sandra Harris, the Assistant Superintendent of Human Resources, and Cathy Secor, another administrator at the school, received an FBI report regarding his past criminal history. (Comp., ¶ 6)  Plaintiff alleges that because he complained to Harris about being placed at the bottom of the salary scale in violation of the teachers' union contract, she retaliated against him. (Comp., p. 4)  Plaintiff claims that Harris used the FBI report as a pretext to terminate his contract and a means to secure a permanent position as the Superintendent for the District. (Comp., ¶¶ 7-8) Plaintiff claims that he attempted to rebut the FBI report and was denied such an opportunity. (Comp., ¶ 9-10) Plaintiff claims that Harris had disseminated two defamatory letters that referred to the FBI report indicating that he was terminated because he was a "liar" and a "convict." (Comp., ¶ 13).

In December of 2003, Linda Soper, a Lincoln Middle School teacher, sent a Freedom of Information Act ("FOIA") request to obtain a copy of Schied's personnel file from Lincoln Consolidated Schools.  The package included the FBI report, a 1979 Texas Court Order setting aside the judgment, 1983 Texas Governor's full pardon, and the letters sent out by Harris. (Comp., ¶ 14) Plaintiff's wife requested another FOIA request from Lincoln Consolidated Schools, which was

initially ignored and then subsequently sent out containing the same "unlawful" information. The FOIA request at issue, and the cause of the instant action, arose from a FOIA request by Earl Hocquard, a private counseling agent. In December of 2008, Hocquard sent a FOIA request to Lincoln Consolidated Schools asking for Plaintiff's personnel file. There was no immediate response to the request. It was not until after Hocquard sent a fax in early 2009 that the school replied. (Comp., ¶ 21) On March 12, 2009, Hocquard received the FOIA request from the District. The file included the Michigan State Police criminal history report, the 2003 FBI report, the 1979 Texas Court Order setting aside the judgment, and one of the two letters by Harris. (Comp., ¶ 23)

The instant action was filed in the Washtenaw County Circuit Court in December of 2009 and the Defendants timely removed the case to this court on January 12, 2010. There have been several motions filed including but not limited to, a motion to Reassign Case, a Motion to Remand Case, and a Motion to Quash.

**III. Summary Judgment**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled as a mater of law. Fed. R. Civ. P. 56(c)(2).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.,* 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. Of Educ.,* 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S. Ct. 1575, 1592 (1968)).

**IV. Analysis**

    **A.   Statute of Limitations**

Defendants argue that the Plaintiff's complaint is barred by the statute of limitations. Defendants list each count alleged by the Plaintiff and the applicable stature of limitations, which include: Defamation - 1 year; Elliot Larsen Civil Rights Act - 3 years; Tort - 3 years; Conspiracy - 6 years; Title VII - 300 days; and, RICO - 4 years. Defendants support their claim by stating that the instant action is based upon the events that transpired dating back to November of 2003, when Schied was terminated from Lincoln Consolidated Schools. (Motion p. 1) Plaintiff, in his response to the motion states that the instant action is independent of those prior events and that the action is

a result of the Defendants "disseminating" an "erroneous" FBI report to Earl Hocquard in March of 2009. (Response p. 6) The Court has already stated that the instant action arises from the incident involving the FOIA request sent by Hocquard in December of 2008 and the subsequent response by Lincoln in March of 2009. (Order p. 7) Defendants' claim that the instant action is barred by the statute of limitations based on incidents arising from 2003 is denied.

  **B.** *Res Judicata*

Defendants argue that the doctrine of *res judicata* supports their motion for summary judgment. Defendants claim Plaintiff had already named the same defendants in prior cases that arose from the same set of facts and were dismissed with prejudice. *Res judicata*, as the Defendants cite, is a doctrine in Michigan that precludes multiple lawsuits litigating the same cause of action. *Sewell v. Clean Cut Management, Inc.,* 463 Mich. 569, 621 N.W. 2d 222 (2001). As noted by the Defendants, *res judicata* prevents re-litigation of a claim when a party fails to advance all possible claims that arise out of the same transaction or occurrence. *Energy Resources v. Consumer Power Co.*, 221 Mich. App. 210, 561 N.W. 2d 854 (1997). Though the Court agrees with the Defendants with regards to what *res judicata* is intended to prevent, their application falls short. Plaintiff relies on the same set of facts as a defense to the *res judicata* claim as he did to the statute of limitations claim. Plaintiff states that the instant action is based on the events that transpired after Hocquard requested his personnel file from Lincoln Consolidated Schools. As noted above, the instant cause of action arises from the December 2008 FOIA request by Hocquard. Though both the instant action and the prior suits are related, it cannot be said that they arise out of the "same transaction or occurrence". All prior suits were filed before Hocquard requested and received the personnel file of Plaintiff. Plaintiff would have had no prior opportunity to raise the instant action in any one of the

preceding actions mentioned by the Defendants. Defendants' claim that Plaintiff's instant action is barred by the doctrine of *res judicata* is denied.

### C. Collateral Estoppel

Defendants rely on the doctrine of collateral estoppel, otherwise known as issue preclusion, in support of their motion for summary judgment. Defendants argue that Plaintiff has had an opportunity to litigate his lawsuit in two separate state court actions and one federal court action. Defendants cite to a Michigan Supreme Court case that states,

> For collateral estoppel to apply, a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment. In addition, the same parties must have had a full opportunity to litigate the issue, and there must be mutuality of estoppel.

*See Storey v. Meijer, Inc.*, 431 Mich. 368, 429 N.W. 2d 169 (1988).

Plaintiff does not directly address the issue of collateral estoppel. Plaintiff relies on the FOIA request response that Hocquard received in 2009 as a justification for the instant action. He cites to the request as a "new occurrence," and argues that the dissemination of the "erroneous" FBI report gives rise to criminal penalties.

The instant action arises out of the dissemination of the above-mentioned records by Lincoln Consolidated Schools in 2009. The issue of whether the dissemination of the criminal records in Plaintiff's personnel file is one upon which relief can be granted has already been ruled upon. In 2008, the Plaintiff filed a suit in federal court against multiple defendants, including Defendant Harris in this action. In that action, the district court stated that the case "arises from Plaintiff's allegations that Defendants have refused to remove records pertaining to Plaintiff's 1977 Texas criminal record from their personnel files." *Schied v. Davis*, No. 08-10005, 2008 WL 2610229, *1 (E.D. Mich. 2008) (J. Borman). The district court stated the claims brought by the Plaintiff against

Harris revolved around the ignored "requests involving his criminal history, and seeks the Court to enjoin further dissemination of his criminal record." *Id.* at 8. The district court granted the Defendants' motion for summary judgment based on the doctrines of *res judicata* and collateral estoppel. The Court relied on three previous state court decisions, one filed in Washtenaw County, which was appealed and the judgment affirmed, and one in Wayne County. Plaintiff filed an appeal with regards to the district court's decision which was upheld by the Sixth Circuit Court of Appeals.

The district court stated, "the instant issue is the same as in the previous state court action ... in the Wayne County case clearly requested the court to grant an injunction to remove his criminal history information from his personnel file and to prevent Northville Public Schools from disseminating the information." *Id. at* 7. More specifically, the district court stated that the claim against Defendant Harris was barred because "the Washtenaw County Circuit Court action was decided on the merits, and the Michigan Supreme Court ultimately denied leave to appeal." *Id*. at 7. Plaintiff contended that his action before the district court was different than the Washtenaw County action. *Id*. at 7. The district court held that Plaintiff's complaint alleged, "The Defendants, however, have violated the state's public policy by ... divulging, using and publishing information concerning the conviction when they knew or should have known that the conviction was set aside and ... had been granted a Governor's Pardon." *Id*. at 7. The district court concluded that the claims against Harris and Williams, the successor to Harris as superintendent, "were, or could have been, resolved in the Washtenaw County Circuit Court action." *Id.* at. 8.

The district court further stated "that the Plaintiff should not be allowed to keep bringing new lawsuits arising out of the same facts every time he 'discovers' another party whom he can allege causes of action based upon the criminal history records." *Id.* at 8. The district court concluded, "the

7

Michigan courts have already decided that the school districts are not in violation of Michigan law pertaining to keeping and the disclosure of Plaintiff's employment file." *Id.* at 8.

The Court of Appeals of Michigan addressed the issue of whether the 1979 early termination order and the 1983 gubernatorial pardon erased the Plaintiff's 1977 conviction. The Court of Appeals held that neither had such an affect and that it merely "restored plaintiff's 'full civil rights of citizenship that may have...been lost as a result of' the 1977 conviction." *Schied v. Lincoln Consolidated Schools*, No. 267923, 2006 WL 1789035, *5 (Mich.App. 2008). The Court of Appeals concluded, "because the plaintiff had a prior conviction according to Texas law, which he undisputedly failed to report on the September 2003 disclosure form, the disclosure form and MCL 380.1230a plainly authorized defendants to terminate his employment as a matter of law..." *Id.* at 5.

Defendant Harris was a named party in the all state court actions and the district court action before another district judge in this District. Defendant Lincoln Consolidated School Board of Education was a named party in the Washtenaw Circuit Court action. Defendants Cleary, Secor, Russell, and Gerlofs all stand in privity with Harris and Lincoln Consolidated School. Defendants' motion for summary judgment is granted on the basis of the doctrine of collateral estoppel since the factual issue in this case—the dissemination of Plaintiff's previous conviction and other documents related to that conviction—have been ruled upon by the Michigan state courts and another district judge in this District. No matter how many times an individual seeks a FOIA request of Plaintiff's records, the same information will most likely be provided. No court has enjoined the Lincoln Consolidated Schools and its officials from disseminating Plaintiff's personnel records which include his criminal conviction. Collateral estoppel bars relitigation of the issues and claims raised by the Plaintiff against all Defendants in federal and state courts.

8

### D. Governmental Immunity

Defendants also move for summary judgment based on Governmental Immunity under Michigan Law. Michigan law provides protection to government employees and agencies through legislation. MCL 691.140(1) states, "A...highest appointed executed official at all levels of government are immune from tort liability...if he or she has acted within the scope of his or her...authority." MCL 691.140(7) states, "...a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of the governmental function." The Court must consider whether Defendants have acted within the scope of their employment as the highest appointed official and exercised a governmental function.

Defendants argue that they are protected from liability under the doctrines of governmental immunity and qualified immunity. Defendants argue that since Harris was and Cleary is now the highest appointed official in their respective positions, governmental immunity protects them from tort liabilities. Defendants claim that they were acting within the scope of their "executive authority," and are entitled to absolute immunity.

Defendants Lincoln Consolidated Schools, Russell, Gerlofs, and Secor also claim that they are protected by governmental immunity. Defendants contend that so long as they were performing a governmental function they are immune from tort liability. Defendants state that the mere response to a freedom of information request does not go beyond the performance of a governmental function. Defendants state that there are multiple exceptions to the FOIA and the information requested relative to the Plaintiff does not fall within any exception.

Plaintiff focuses his attention on the fact that within the Defendants' motion the name of Defendant Cleary was misspelled. Plaintiff claims that the Defendants "introduced a fictional

entity," while doing little else to address the issue of governmental immunity. Plaintiff counters the Defendants' claim with regards to the exceptions under the FOIA by stating that the dissemination of the records is in violation of his privacy rights and federal statutes and that the information is "erroneous."

Defendants have refused to remove an FBI report from Plaintiff's personnel file that indicates he was convicted of a felony in the State of Texas. Their failure to remove the FBI report has resulted in the dissemination of the report when the Defendants respond to a FOIA request related to the Plaintiff's personnel file. Plaintiff has sought relief in three other proceedings requesting the removal of the FBI report. The Plaintiff was not granted relief in any of the previous proceedings. Defendants merely responded, as they are required to do by Michigan Law, to a FOIA request. Defendants were acting within the scope of their official capacity while performing a governmental function. Defendants' motion for summary judgment is granted on the basis of the doctrine of governmental immunity.

Defendants note a qualified immunity defense without citing authority or an analysis of the defense. Qualified immunity is a defense to a federal claim that arises under a 42 U.S.C. § 1983 claim. Defendants fail to cite to applicable law in support of the defense. The Court will not address this issue since this matter is dismissed based on the doctrine of collateral estoppel.

### E.  Fed. R. Civ. P. 11

Defendants move for sanctions according to the Federal Rules of Civil Procedure Rule 11. Defendants state that the Plaintiff signed the pleadings and certified that he acted in good faith and not for an "improper purpose". Defendants claim that Plaintiff's complaint was filed to harass the

Defendants. Defendants move to have the case dismissed and sanctions assessed, awarding costs and attorney fees against the Plaintiff.

Rule 11 provides that prior to requesting/filing a motion for sanctions under this rule, the party must serve notice to the opposing party under the safe harbor provision of Rule 11. Rule 11(c)(2) requires that "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Rule 54(d)(2)(B) provides that when a claim for attorneys' fees is requested the party must "specify judgment and the statue, rule or other grounds entitling movant to the award." Local Rule 54.1.2 states that "a motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the court..." Local Rule 54.1.2 also requires that the motion must state with specificity the amount of hours spent, customary charges for such work, the rate charged in the community for similar services, and other factors the court should consider. Defendants have failed to file a separate motion for sanctions, have not indicated whether they have followed the safe harbor provision of Rule 11 and have failed to meet the other requirements set forth in both Rule 54(d)(2)(b) and Local Rule 54.1.2. Defendants' request for sanctions and attorneys' fees is denied without prejudice.

### F.  Plaintiff's Motion to Reinstate Motion for Sanctions

Plaintiff in his response to the Defendants' motion for summary judgment moves to reinstate a motion for sanctions against the Defendants and their attorney. Plaintiff offers no new evidence to support a reinstatement of his prior motion. The Court has already ruled upon this matter in a previous Order on July 29, 2010. (Dkt. No. 33). Plaintiff's current motion is untimely under Local Rule 7.1 which states that Motions for Reconsideration must be filed within 14 days after entry of Order. Plaintiff's motion to reinstate his prior motion for sanctions is denied.

**V.  Conclusion**

For the reasons set forth above,

IT IS ORDERED that Defendants' Motions for Summary Judgment **[No. 37, 09/10/2010]** is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions and Attorneys' fees **[No. 37, 09/10/2010]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to File Out of Time **[No. 45, 10/13/2010]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reinstate Sanctions **[No. 45. 10/13/2010]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Interlocutory Appeal **[No. 34, filed 8/9/2010]** and Plaintiff's Motion for Immediate Consideration and Ruling **[No. 47, filed 11/3/2010]** are both MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


Dated: December 28, 2010                S/DENISE PAGE HOOD
                                         DENISE PAGE HOOD
                                         UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon counsel of record on December 28, 2010, by electronic and/or ordinary mail.

                                         S/Shawntel R. Jackson
                                         Case Manager